# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TONY SIMPKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0586**  (BOR Appeal No. 2048969)
(Claim No. 2006004674)

**ROCKHOUSE CREEK DEVELOPMENT, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Tony Simpkins, by Otis R. Mann Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockhouse Creek Development, LLC, by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 27, 2014, in which the Board affirmed an October 25, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 1, 2011, decision denying Mr. Simpkins's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Simpkins filed an application for a permanent total disability award after sustaining multiple work-related accidents over the course of several years. On January 12, 2011, the Permanent Total Disability Review Board issued its initial recommendations and determined that a permanent total disability evaluation performed by Bruce Guberman, M.D., on November 17,

1

2010, lacks a credible foundation.[1] The Permanent Total Disability Review Board was particularly concerned with Dr. Guberman's findings regarding the amount of lumbar spine impairment. Therefore, the Permanent Total Disability Review Board determined that Mr. Simpkins should undergo an additional permanent total disability evaluation. Jerry Scott, M.D., performed the requested permanent total disability evaluation on February 16, 2011. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he opined that Mr. Simpkins sustained 5% whole person impairment as a result of range of motion abnormalities in the cervical spine; 21% whole person impairment as a result of injuries to the lumbosacral region, including 13% whole person impairment arising from a surgical fusion of a lumbar vertebra and 9% whole person impairment arising from range of motion abnormalities; and 2% whole person impairment arising from atrophy of the left calf. Dr. Scott then opined that Mr. Simpkins sustained a total of 27% whole person impairment as a result of his orthopedic injuries.

On May 19, 2011, the Permanent Total Disability Review Board issued its final recommendations. The Permanent Total Disability Review Board agreed with Dr. Scott's finding that Mr. Simpkins sustained 27% whole person impairment as a result of compensable orthopedic injuries. Additionally, the Permanent Total Disability Review Board gave deference to a prior finding by the Occupational Pneumoconiosis Board that Mr. Simpkins sustained 20% whole person impairment as a result of impaired pulmonary function. Utilizing the Combined Values Chart contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, the Permanent Total Disability Review Board concluded that Mr. Simpkins sustained 42% whole person impairment and therefore failed to meet the 50% whole person impairment threshold required for further consideration of a permanent total disability award pursuant to West Virginia Code § 23-4-6(n)(1) (2005). On June 1, 2011, the claims administrator denied Mr. Simpkins's request for a permanent total disability award.

On March 9, 2012, Dr. Guberman was deposed. He testified that he utilized the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed.) to calculate the amount of Mr. Simpkins's whole person impairment as 54% on November 17, 2010, and testified that Mr. Simpkins experienced a loss of range of motion in the neck, back, and knee, and was also experiencing radiculopathy in the lumbar spine. On June 24, 2013, Christopher Martin, M.D., performed an independent medical examination. He stated in his report that he used the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed.) to determine that Mr. Simpkins sustained 0% whole person impairment as a result of injuries to the cervical spine, 20% whole person impairment as a result of injuries to the lumbar spine, and 0% whole person impairment as a result of injuries to the left knee. He opined that he defers to the Occupational Pneumoconiosis Board's finding of 20% whole person impairment arising from impaired pulmonary function, as well as an apparent prior 10% psychiatric permanent partial disability award, and opined that Mr. Simpkins sustained a total of 42% whole person impairment.

---

[1] The November 17, 2010, report of Dr. Guberman was not submitted into the record before the Office of Judges.

In its Order affirming the June 1, 2011, claims administrator's decision, the Office of Judges held that Mr. Simpkins failed to meet the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award. The Board of Review affirmed the Office of Judges' decision on May 27, 2014. On appeal, Mr. Simpkins asserts that he is entitled to further consideration of a permanent total disability award.[2]

Although the record contains no evidence regarding Mr. Simpkins's prior permanent partial disability awards, it is assumed that he has amassed at least 50% in prior permanent partial disability awards, which makes his application for a permanent total disability award reviewable by the Permanent Total Disability Review Board pursuant to West Virginia Code § 23-4-6(n)(1). Upon review, the Permanent Total Disability Review Board determined that Mr. Simpkins failed to meet the requisite 50% whole person impairment threshold. The Office of Judges found that Dr. Scott's report, as adopted by the Permanent Total Disability Review Board, is the most persuasive report of record. The Office of Judges determined that the Permanent Total Disability Review Board properly gave deference to the Occupational Pneumoconiosis Board's conclusion that Mr. Simpkins has 20% whole person impairment attributable to pulmonary function impairment. However, the Office of Judges determined that the Permanent Total Disability Review Board failed to consider Mr. Simpkins's psychiatric impairment rating of 10%. The Office of Judges then utilized the Combined Values Chart contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* and determined that Mr. Simpkins's whole person impairment rating is 48%, and concluded that he therefore falls short of the requisite 50% whole person impairment threshold. We agree with the reasoning and conclusions of the Office of Judges as adopted and affirmed by the Board of Review. The evidence of record fails to demonstrate that Mr. Simpkins is entitled to further consideration of a permanent total disability award.

---

[2] On appeal to this Court, Mr. Simpkins relies on Dr. Guberman's November 17, 2010, permanent total disability evaluation as the basis for his assertion that he is entitled to further consideration of a permanent total disability award. However, Dr. Guberman's November 17, 2010, evaluation was not submitted into evidence before the Office of Judges. Therefore, pursuant to W. Va. R.A.P. 12(f), this Court may not consider the substantive issues presented in Dr. Guberman's November 17, 2010, report.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman